IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Andrew Plummer, #70638 ) | |
|        Plaintiff, ) | Civil Action No.8:07-2741-TLW-BHH |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| George Goodwin, Officer ) | |
| Lieber Correctional Institution, ) | |
| et. al., ) | |
|        Defendants. ) | |

The plaintiff, a state prisoner proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983. This matter is before the court on the plaintiff's motion for injunctive relief. (Dkt. # 43.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

In his motion for injunctive relief, the plaintiff states that inmates at the Alvin S. Glenn Detention Center who are housed in the Special Management Unit are denied access to the law library. He states that for four months, even though his disciplinary charges were dismissed, he has been denied access to the law library by personnel at Alvin S. Glenn Detention Center, specifically Lt. Watson and Officer Jarvis. (Pl.'s Mem. Supp. Mot. for Injunctive Relief at 1.)

The plaintiff is seeking to have employees at the Alvin S. Glenn Detention Center allow him access to the law library. However, none of these people are named as defendants in the current action and, furthermore, the plaintiff is alleging only claims of excessive force and denial of medical care while he was incarcerated at Lieber Correctional Institution against Lieber personnel.

In order to be granted a preliminary injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Defense Council, Inc.*, ___ U.S. ___, 129 S.Ct. 365, 374 (2008).

To justify an injunction before trial on the merits, it is incumbent upon the plaintiff to make a clear showing that it is likely to succeed at trial on the merits and that it was likely to suffer irreparable harm in the absence of the preliminary injunction. *Id.* at 374-76. This the plaintiff has not done. In his motion, the plaintiff does not discuss the merits of his excessive force or denial of medical care claims nor does he set forth any alleged irreparable harm. Further, the plaintiff does not show that the equities tip in his favor or that an injunction is in the public interest. Accordingly, the plaintiff's motion for injunctive relief should be denied. Moreover, the plaintiff's motion should be denied as the plaintiff is seeking relief from persons who are not parties to this action.[1]

## **CONCLUSION**

Wherefore, based on the foregoing, it is RECOMMENDED that the Plaintiff's Motion for Injunctive Relief (Dkt. # 43) be DENIED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

September 9, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

---

[1] While the plaintiff has amended his motion so as not to include non-parties in the caption, he is still seeking relief from persons who are not defendants.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).