IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Andrew Plummer | ) | Civil Action No.8:07-2741-TLW-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| George Goodwin, Officer | ) | |
| Lieber Correctional Institution, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff a pro se prisoner filed this civil rights action on August 10, 2007. Before the court is the plaintiff's motion for a default judgment. (Dkt. #51.) The plaintiff contends that the defendants have failed to reply to a "Response to Defendants Reply to Plaintiff's Motion for Summary Judgment" filed on July 20, 2009. The defendants have filed a response opposing this motion.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

In regard to a motion for default, Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed.R.Civ.P. 55(a). However, summary judgment is different from default and Rule 55(a) does not apply to a motion for summary judgment.

Where a motion for summary judgment has been made, the non-moving party bears the burden of establishing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986). Rule 56(e) states that when an adverse party does not

respond to a motion for summary judgment, "summary judgment, *if appropriate,* shall be entered against the adverse party." Fed. R. Civ. Pro. 56(e)(emphasis added). There is no absolute requirement that a non-moving party respond in order to avoid summary judgment.

More importantly, however, a review of the docket in this case shows that the plaintiff has not even filed a motion for summary judgment. On July 21, 2009, the plaintiff filed his "Response in Opposition to Defendants' Motion for Summary Judgment" and not a motion for summary judgment. Furthermore, the defendants filed a reply to the plaintiff's response on August 6, 2009, after timely filing for an extension of time to file their reply.

As the defendants timely filed a reply to plaintiff's response in opposition to the defendant's motion for summary judgment, and there is no pending motion for summary judgment filed by the plaintiff, it is recommended that the Plaintiff's Motion for Default (Dkt. # 51) be DENIED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

September 16, 2009
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).