IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Andrew Sean Plummer, #70638 | Civil Action No.8:07-2741-TLW-BHH |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Officer George Goodwin, Lt. Williams, and Sgt. Vonmitius, and Warden Stan Burtt, | |
| Defendants. | |

The Plaintiff, a prisoner proceeding pro se, brought this action alleging constitutional violations pursuant to 42 U.S.C. § 1983. The matter is before the Court on the Defendants' Motion for Summary Judgment. (Dkt. # 24.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The Plaintiff brought this action on August 7, 2007, seeking damages for alleged civil rights violations.[1] On April 7, 2009, the Defendants filed a motion for summary judgment. By order filed April 8, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On July 21, 2009, the Plaintiff filed a response opposing the Defendants' Summary Judgment Motion.

---

[1]This date reflects that the petition was date stamped as received on August 7, 2007, at the Lieber Correction Institution mailroom. (Pet. Attach. # 2.) *Houston v. Lack,* 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

**FACTS**

The Plaintiff is currently incarcerated at the Alvin S. Glenn Detention Center. At the time of the allegations raised in the complaints, the Plaintiff was an inmate at the Lieber Correctional Institution (LCI"). In his amended complaint, the Plaintiff alleges that on July 11, 2007, the Defendants used excessive force when they sprayed him with chemical munitions and he was denied medical care following the incident. (Dkt. # 4.)

On July 11, 2007, the Plaintiff was in his cell when the Defendant Officer Goodwin was passing out hygiene products. Officer Goodwin approached the Plaintiff's cell and the Plaintiff states he became upset and cursed at Officer Goodwin. (Dkt. # 1 - Complaint.) He alleges Officer Goodwin then approached his cell, lifted the flap, and threw a roll of tissue and a bar of soap into the Plaintiff's cell. *Id.* The Plaintiff states as he was picking up the items, Officer Goodwin sprayed him with chemical munitions and then shut the flap. *Id*. The Plaintiff alleges that he began to yell that he could not breathe and Officer Goodwin opened the flap and sprayed him a second time. *Id.* He alleges he was forced to sit in his cell blinded by the chemical munitions and he was not seen by medical staff. *Id.* He further alleges that he has asthma and the supervisors knew this, but still forced him to sit in his cell without a shower or any cleaning material. He states that after the gassing, he suffered two slight asthma attacks and had fluid in his lungs. He requested medical treatment, but alleges he was denied medical treatment. *Id.*

Officer Goodwin's account of the incident differs from the Plaintiff's account. (Defs.' Mem. Supp. Summ. J. Mot. Ex. - Goodwin Aff.) Officer Goodwin states that he was passing out hygiene products and when he approached the Plaintiff's cell, the Plaintiff used vulgar language and threw a bar of soap at Goodwin. (Defs.' Mem. Supp. Summ. J. Mot. Ex. - Goodwin Aff. at 1.) Officer Goodwin states he ordered the Plaintiff to back away and the Plaintiff refused. *Id.* He states he sprayed a burst of chemical munitions into the Plaintiff's

2

cell in an attempt to secure the flap, but the Plaintiff refused to step back. (Defs.' Mem. Supp. Summ. J. Mot. Ex. - Goodwin Aff. at 2.) Officer Goodwin states he sprayed a second burst of munitions and the Plaintiff complied. *Id*. Officer Goodwin states medical personnel came to assess the Plaintiff and the Plaintiff was not found in respiratory distress and instructed to wash his eyes out with water for fifteen minutes. *Id.* He states the Plaintiff was charged and convicted of striking an employee. *Id.*

## **APPLICABLE LAW**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-

3

moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

**Exhaustion**

The Defendants contend that this action should be dismissed because the Plaintiff failed to exhaust his administrative remedies prior to filing this action. The undersigned agrees.

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing a §1983 action concerning his confinement. 42 U.S.C.A. §1997(e) states:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In *Porter v. Nussle,* 534 U.S. 516 (2002), the United States Supreme Court held that the exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. Further, exhaustion must occur *prior* to the filing of the lawsuit or it must be dismissed. *Anderson v. XYZ Correctional Health Services*, 407 F.3d 674, at 683 (4th Cir. 2005)(emphasis added). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under

4

any federal law, including § 1983 . *Woodford v. Ngo*, 548 U.S. \_\_, 126 S.Ct. 2378, 2386 (2006).

The purpose of the exhaustion requirement is twofold. First, it gives an administrative agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Woodford,* 126 S.Ct. at 2385 (*quoting McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Second, "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.* Any consideration of administrative remedies pursued after the commencement of the litigation would only serve to frustrate both purposes of the PLRA's exhaustion requirement.

In order to exhaust the SCDC administrative remedies, an inmate must fill out a Form 10-5 or Step 1 grievance about the matters raised in his complaint and give the form to the Institutional Inmate Grievance Coordinator within fifteen (15) days of the alleged incident of which the inmate complains. The Warden must respond to the Step 1 grievance in writing no later than forty (40) days from the filing of the initial grievance. If the inmate is not satisfied with the Warden's response, he must file an appeal of the Step 1 grievance response by filing a Form 10-5a or Step 2 Request for Responsible Official Review with the Inmate Grievance Coordinator within five (5) days of the receipt of the response from the Warden. A responsible official has sixty (60) days to respond to the Step 2 grievance. The decision of the official who answers Step 2 is considered the SCDC's final response in the matter. Only after completing both Steps 1 and 2 in the SCDC grievance process has an inmate properly exhausted a claim under §1983. 42 U.S.C. § 1997e.

The Plaintiff has alleged in his amended complaint that his grievances were not processed. (Dkt. # 4 - Am. Compl. at 3.) However, the evidence shows the grievances were processed and denied at Step 1, and the Plaintiff has not submitted any evidence that he filed a Step 2 grievance. On July 30, 2007, the Plaintiff filed a grievance regarding the July 11th incident, LCI-1216-07. This grievance was denied by Defendant Stan Burtt on

5

August 27, 2007. The Plaintiff did not file a Step 2 grievance. (Defs.' Mem. Supp. Summ. J. - Vera Jenkins Aff.)

Interestingly, in conflict with the prior allegations in his complaint, in his response to the Defendants' Summary Judgment Motion, the Plaintiff does not dispute that he filed a grievance on July 23, 2007, *and* the Warden responded on August 27, 2007. (Dkt. # 35-Pl.'s Mem. Opp. Summ. J. at 2.) Nor does he dispute that he did not file a Step 2 grievance. *Id.* However, he contends "there was no Step 2 given to Plaintiff as required by Grievance Policy" and he states as proof of this "there was no mention of a Step 2 being served to Plaintiff in Mrs. Vera Jenkins affidavit." *Id.* On the Step 1 form, which the Plaintiff signed, the Plaintiff was instructed that he must file a Step 2 within five days.

Here, while the Plaintiff did file a Step 1 grievance regarding his medical care, he failed to go beyond Step 1 and appeal the denial of his grievance. Because he did not pursue the claim beyond the first level, the Plaintiff failed to exhaust the administrative remedies available to him at the SCDC. *See Booth v. Churner*, 532 U.S. 731, 735 (2001) (discussing nonexhaustion in the lower proceeding because inmate failed to "go beyond the first step, and never sought intermediate or final administrative review after the prison authority denied relief); *Cabbagestalk v. Ozmint*, 2007 WL 2822927 (D.S.C. 2007).

More importantly, it is readily apparent that the Plaintiff had not completed the prison grievance process relating to the claims asserted in this lawsuit *prior* to filing this lawsuit. The Plaintiff filed this action on August 7, 2007, only fifteen (15) days after he filed his Step 1 grievance and prior to the Warden's response, or the expiration of time for such response. *Graham v. Perez*, 1212 F.Supp 2d 217, 322 (S.D.N.Y. 2000)(holding where prisoner files grievance but fails to afford prison officials adequate time to investigate and respond before filing his complaint, prisoner has failed to exhaust available administrative remedies). Even if the grievance process concerning this claim has now been completed, which there is no evidence of, this case is subject to dismissal for failure to exhaust, as it is not permissible to file a lawsuit concerning a grievable matter prior to the completion of the grievance

6

process. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999)(holding prisoner "may not exhaust administrative remedies during the pendency of the federal suit."); *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005)(holding prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending). Therefore, this action is subject to dismissal for lack of exhaustion of administrative remedies. Alternatively, even if the Plaintiff had exhausted his administrative remedies, the undersigned finds that the Plaintiff's claims fail on the merits as discussed below.

**Merits**

The Defendants assert that the Plaintiff has failed to establish any facts which would support a 1983 claim. The undersigned agrees.

Deliberate indifference by prison personnel to a prisoner's medical serious medical needs is actionable under § 1983 pursuant to the Eight Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). A serious medical condition exists if failure to treat such condition would constitute a "denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan,* 511 U.S. 824, 825 (1994). A prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk. *Farmer,* 511 U.S. at 847. The government is required to provide medical care for incarcerated individuals. *Estelle,* 429 U.S. at 102. However, to establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn,* 896 F.2d 848 (4th Cir. 1990). Mere negligence, malpractice, or incorrect diagnosis is not actionable under § 1983. *See Estelle,* 429 U.S. 97.

The Fourth Circuit has held that to bring a denial of medical treatment claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. *Miltier v. Beorn*,

7

896 F.2d 848 (4th Cir.1990). Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. *Id*.

Under these principles, the Plaintiff has not alleged facts stating any claim actionable under § 1983 regarding his course of medical treatment against the named Defendants in this action. The Plaintiff medical records reveal that the Plaintiff was treated after he was maced. After the administration of the chemical munition, the inmate was monitored by Nurse Lynne Malden. (Defs.' Mem. Supp. SUmm. J. Mot. Ex. 4 - Pl.'s Med. Records at 4.) She advised the Plaintiff to use the water to wash his face and eyes. *Id.* Nurse Malden assessed the Plaintiff and found that he was not in any type of respiratory distress. *Id.* The Plaintiff's medical records do not support a medical indifference claim. Additionally, the plaintiff has not named as defendants any medical personnel and, as noted above, in the context of a medical indifference claim, non-medical defendants must have failed to promptly provide a prisoner with necessary medical care, deliberately interfered with a prison doctor's performance, or were indifferent to a prison doctor's constitutional violation. Miltier, 896 F.2d 848 at 854. The Plaintiff has not alleged any facts which support a medical indifference claim against the non-medical Defendants in this action. Accordingly, the Plaintiff's medical indifference claims should be dismissed.

Additionally, to the extent that the Plaintiff is alleging an excessive force claim, the undersigned recommends it be dismissed. A claim of excessive force raised by a prison inmate against a correctional officer involves analysis of both objective and subjective elements. *Williams v. Benjamin*, 77 F.3d 756, 760 (4th Cir. 1996). The core judicial inquiry when analyzing the subjective element is to review "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Whitley v. Albers*, 475 U.S. 312 (1986)). The objective element is analyzed to determine whether the officers' actions were harmful enough to offend contemporary standards of decency. Factors which are pertinent to this inquiry include the extent of injuries suffered by the inmate, the need for the application of force, the relationship

8

between the need for force and the amount of force used, the threat reasonably perceived by prison staff, and any efforts on the part of staff to temper the severity of their response. *Whitley*, 475 U.S. at 321. While the inmate's injury need not be significant to violate the Eighth Amendment, something more than a de minimis injury is required in order to prove that excessive force was used. *Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994) (generally, no Eighth Amendment excessive force claim exists where any injury sustained by the plaintiff is de minimis and the force is not of a source "repugnant to the conscience of mankind").[2]

In order to hold an officer liable for excessive force, his actions must have directly and proximately caused the Plaintiff's injuries. *See Shaw v. Stroud,* 13 F.3d 791, 800 (4th Cir.1994) ( "the causal link in § 1983 cases is analogous to proximate cause"); *Slakan v. Porter,* 737 F.2d 368, 376 (4th Cir.1984) (holding that in excessive force cases pursuant to section 1983, "[t]hough their conduct may be fairly characterized as a breach of their legal and constitutional duties, they are not liable unless an affirmative casual link exists between their [a]ction and the harm suffered by [the plaintiff].").

Here, the Plaintiff has failed to show an injury cognizable under § 1983 as a result of the gassing. *Rizzo v. Goode,* 423 U.S. 362, 371-72 (1976) (holding to state a § 1983 claim, plaintiff must allege a specific injury as a result of the specific conduct of defendant, and show affirmative link between the injury and that conduct). The Plaintiff alleges that

---

[2]The undersigned has also considered whether the Plaintiff's excessive force claims are barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Heck,* the Court held a plaintiff may not bring an action pursuant to § 1983 for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without first having that conviction or sentence reversed, overturned, expunged, or otherwise called into question. 512 U.S. 477. The United States Supreme Court specifically extended the *Heck* reasoning to the context of inmate disciplinary convictions in *Edwards v. Balisok,* 520 U.S. 641 (1997). *Woods v. Cashier,* 2006 WL 2385275, *8 (D.S.C. Aug.17, 2006). Clearly, there is a legal nexus between the allegations of excessive force and the Plaintiff's conduct giving rise to his resisting arrest conviction. Therefore, the Plaintiff's excessive force claim is barred by *Heck*.

following the gassing, he suffered "two slight asthma attacks" and he had fluid in his lungs. (Compl. at 4.)

First, assuming the Plaintiff's allegations regarding his injuries are true, there is no evidence these alleged injuries resulted from the gassing. In fact, the Plaintiff attached a July 12, 2007 request for medical treatment to his response to the Defendants' Summary Judgment Motion in which he states that his asthma was bad and he had fluid in his lungs because of the cold air in his unit and cold water in the showers. (Pl.'s Mem. Opp. Summ. J. Mot. Ex. 3.) Almost as an afterthought the Plaintiff stated, "Also I was sprayed with chemical munitions and not seen 7-11-07." *Id.*[3] Nowhere in his request for medical treatment does the Plaintiff state that the gassing caused his health issues.

Furthermore, the Plaintiff suffered injuries which are categorized as de minimis. *See Taylor,* 155 F.3d at 484 (holding "temporary swelling and irritation is precisely the type of injury this Court considers de minimis."); *Stanley v. Hejirika,* 134 F.3d 629, 637-38 (4th Cir.1998) (holding "bruising of his right arm, left jaw, left and right wrists and back, and a tooth which was loosened" constituted de minimis injury).[4] On these facts, no reasonable jury could conclude that the Plaintiff's injuries were more than de minimis. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (holding that summary judgment is appropriate "if the evidence is such that a reasonable jury could [not] return a verdict for the nonmoving party").

---

[3] The undersigned notes the response was that the Plaintiff would be placed on sick call roster. *Id*. Furthermore, the Plaintiff's medical records establish that he was seen by medical on July 11, 2007, after he was sprayed with the chemical munitions.

[4] Additionally, the undersigned notes that the Fourth Circuit has held that the United States Constitution permits small quantities of pepper spray, or mace, to be used to control recalcitrant inmates. *Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir.1996). While the Plaintiff alleges in his complaint that 330 grams of mace were used, the Defendants have submitted evidence that the officers deployed only 33.50 grams of chemical munitions towards the Plaintiff. (Goodwin Aff. at 2.) This would be considered a relatively small quantity and not constitutionally relevant. *See Townsend v. Anthony,* 2006 WL 2076920, at *9 (D.S.C.2006) (finding 20 grams to be a small amount) (unpublished).

Finally, the undersigned notes that although it appears that the Defendants timely responded to the Plaintiff's Step 1 grievance, even if the Defendants had failed to timely respond to the Plaintiff's grievances, such conduct would not support a constitutional claim. The law is well-settled that there is no constitutional right to a grievance procedure. *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137-138 (1977). Even if the prison provides for a grievance procedure, violations of those procedures do not amount to a civil rights cause of action. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1944) (dismissing plaintiff's claim that he was retaliated against when he was barred access to the grievance process because "the Constitution creates no entitlement to grievance procedures or access to any such procedure").

**State Law Claims**

To the extent that the Plaintiff states additional claims under state law, the court should decline to exercise supplemental jurisdiction over the claims as it is recommended that summary judgment be granted on the Plaintiff's federal claims as set for above. *See* 28 U.S.C. § 1367(c).

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motions for Summary Judgment (Dkt. # 24) be GRANTED; and the Complaint be DISMISSED WITH PREJUDICE.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks<br>
United States Magistrate Judge

November 10, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).